**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SELMA DIVISION**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO: 10-00276 |
| PERRY-UNIONTOWN VENTURES I, L.L.C., | * | |
| | * | CHAPTER 11 |
| DEBTORS, | * | |
| | * | |
| PERRY UNIONTOWN VENTURES I, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Adv. Pro. No. _____ |
| | * | |
| PHILLIPS & JORDAN, INC., and PHILL-CON SERVICES, L.L.C., | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

Debtor and Plaintiff Perry-Uniontown Ventures I, L.L.C. ("PUV") complains against Phillips & Jordan, Inc. ("P&J"), and Phill-Con Services, L.L.C. ("Phill-Con"), and seeks an accounting of, and the turnover of, those funds in Defendants' possession that properly belong to PUV and/or its creditors.

### I. SUMMARY OF THIS ACTION.

1.  Beginning in 2007, Debtor entered into various agreements with Defendants regarding the development and operation of a new, state-of-the-art commercial landfill in Perry County, Alabama (the "Landfill").

2.  The Landfill is variously referred to as the "Perry County Associates (PCA) Landfill," the "Perry Uniontown Landfill," or the "Arrowhead Landfill."

3. The Landfill already engages in substantial business, and generates substantial revenues. Moreover, the Landfill promises to be a highly successful venture going forward, as it is well-suited to receive waste streams by rail and is one of the few landfills in the nation authorized for the disposal of coal ash.

4. This bankruptcy and this adversary arose because Defendants have improperly withheld funds that belong to Plaintiff PUV and/or its creditors.

5. By this Complaint, Plaintiff PUV seeks an accounting and turnover of funds owed to it and its creditors, under the laws of the State of Alabama and pursuant to 11 U.S.C. §§ 542 and 543.

## II. LOCAL RULE 7026-1 STATEMENT

6. PUV does not stipulate to the inapplicability of Federal Rule of Civil Procedure 26(a)(1) in this proceeding.

## III. PARTIES, JURISDICTION, AND VENUE.

7. Debtor and Plaintiff PUV is a limited liability corporation formed under the laws of the State of Georgia. On January 26, 2010, Debtor commenced a bankruptcy case in the United States Bankruptcy Court for the Southern District of Alabama, Northern Division (Selma) (the "Bankruptcy Court"), by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

8. P&J is a North Carolina corporation with its headquarters in Knoxville, Tennessee. At all operative times, P&J has been doing business in Alabama. P&J may be served by serving its registered agent, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

9. Phill-Con is an Alabama limited liability corporation affiliated with P&J through common ownership. Phill-Con has also been doing business in Alabama during all times relevant to this action, and may be served by serving its registered agent, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

10. This Court has jurisdiction over this civil proceeding, which arises under Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and is related to the proceedings of the Debtor, pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### IV. FACTUAL BACKGROUND

12. PUV was created in 2006 to purchase property in Perry County, Alabama and develop a landfill. The development was primarily financed by the issuance of notes to Metropolitan Life Insurance Company and Ensign Peak Advisors, Inc. (the "Noteholders").

13. The construction of the landfill was completed on time and on budget, and the landfill was open for business as of October 15, 2007.

14. On August 30, 2007, PUV, as the Owner, and P&J, as the Contractor, entered into the "PCA Landfill Operations Agreement" (the "Agreement"), governing the development and operation of the Landfill. Among other things, the Agreement required P&J to assume the accounting functions for the Landfill.

15. On October 10, 2007, the parties agreed to an assignment of the Agreement (as amended) to Defendant Phill-Con Services, LLC.

16. On information and belief, Phill-Con is an affiliate of P&J that was created by P&J for the purpose of accepting the assignment of the Agreement.

17. Since late 2007, P&J and Phill-Con have purported to alter or amend the Agreement through various letter agreements and their course of dealing.

18. As operators of the Landfill, P&J and/or Phill-Con have collected millions of dollars of payments from the Tennessee Valley Authority ("TVA") for the disposal of more than a million tons of coal ash into PUV's landfill. They have also collected substantial sums, from other parties, for the disposal of other waste into the landfill.

19. Those funds collected were divided into three types: (1) funds payable to P&J and/or Phill-Con for their services, (2) funds properly payable to PUV as the owner of the Landfill, and (3) funds payable to PUV, but to be deposited with the Indenture Trustee in accordance with the Indenture.

20. On September 29, 2009, P&J's Chief Financial Officer J. Patrick McMullen sent a letter to PUV, claiming that P&J was owed certain amounts under the Agreement and that those sums were past due.

21. In that same letter, P&J claimed the right to set-off the amounts allegedly owed to P&J against the amounts due PUV under the Agreement.

22. In that same letter, P&J also indicated it would provide a monthly accounting of the amounts set off and the remaining amounts it claimed were owed to P&J.

23. There is no such right to set-offs in the Agreement.

24. On information and belief, P&J has also been withholding funds derived from Landfill revenues to offset monies allegedly owed to it (by another entity) in connection with the development of waste management facilities near Passaic, New Jersey.

25. Based upon the positions stated in the September 29, 2009 letter and otherwise, P&J and/or Phill-Con have refused to remit to PUV either; (1) those funds owed to PUV; or (2) those funds to be held for the benefit of its creditors.

26. Those funds apparently applied by P&J as set-offs were funds that should have been paid to PUV and/or would have been used to make a scheduled payment to the Noteholders. As a result of the set-off, PUV could not make the payment. The present bankruptcy proceedings resulted.

## V. CAUSES OF ACTION

### COUNT ONE:

### EQUITABLE ACCOUNTING

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above as if alleged in full herein.

28. Defendants have repeatedly refused to provide PUV with the contract(s) and other documents governing the disposal of TVA coal ash in PUV's own Landfill. Without that documentation, PUV is and has been unable to calculate the amounts that should have been remitted to PUV and/or its creditors, including but not limited to the Noteholders, under the applicable agreements.

29. Accordingly, PUV requests an equitable accounting to determine the amounts properly due to it and to its creditors. An accounting is necessary and appropriate given the nature and complexity of the accounts and relationships involved, the need to resolve disputes between the parties with respect to the ownership and allocation of those funds collected from the use of PUV's Landfill, and the need to meet the financial reporting requirements of the Bankruptcy Court.

## COUNT TWO:

## TURNOVER AND ACCOUNTING PURSUANT TO § 542

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above as if alleged in full herein.

31. As discussed above, P&J and/or Phill-Con have collected very substantial payments from TVA and other parties for the disposal of coal ash and other waste in the Landfill. A portion of those funds are properly payable to PUV as the owner of the Landfill. However, P&J and/or Phill-Con have refused to remit payment to PUV of the funds owed to it, as evidenced by, among other things, P&J's September 29, 2009 letter.

32. As of the Petition Date, the Defendants were and are in possession of funds that constitute either (1) property of the Estate; or (2) a debt owed to the Estate that is matured, payable on demand, and/or payable on order. Thus, the subject funds must be paid to the Estate under Bankruptcy Code § 542 (a) and (b).

33. However, because PUV has been consistently denied access to P&J's contract(s) with TVA and all related documentation, PUV has been unable to calculate the proper amount owed, and therefore to calculate the amount to be paid over to the Estate under the Bankruptcy Code.

34. Therefore, PUV requests an accounting, pursuant to Bankruptcy Code § 542(a), of all proceeds generated from the disposal of TVA coal ash and other waste in the Landfill, which accounting is needed to calculate the proper amount to be turned over to the Estate by P&J and/or Phill-Con.

35. Plaintiff PUV also seeks an order, pursuant to § 542 of the Bankruptcy Code, determining the amount owed to PUV as property of the Estate, and ordering Defendants to

immediately deliver good funds in such amount into the possession, custody, and control of the Debtor's estate.

## COUNT THREE:

## TURNOVER AND ACCOUNTING PURSUANT TO § 543

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above as if alleged in full herein.

37. In addition to the funds described above that have been wrongfully withheld from PUV, P&J and/or Phill-Con are also improperly retaining funds that were to be deposited with the Indenture Trustee.

38. With respect to the disposal of TVA coal ash and other waste, P&J and/or Phill-Con have collected funds that should have been deposited with the Indenture Trustee. As a result, Defendants are "custodians" within the meaning of Bankruptcy Code § 543. Subsection 101(11) defines a custodian to include, among others, "an agent under applicable law, or under a contract, that is . . . authorized to take charge of property of the debtor . . . for the benefit of the debtor's creditors."

39. Nevertheless, P&J and/or Phill-Con have refused to timely release those funds for payment to the Noteholders, causing PUV to miss its December 31, 2009 interest payment, which has in turn led to PUV's bankruptcy.

40. PUV is currently unable to calculate the amount being retained by P&J and/or Phill-Con for the benefit of its creditors. The Defendants' refusals to disclose the contract(s) with TVA and all related documentation have made it impossible to accurately calculate those amounts.

41. Therefore, PUV requests an accounting of all proceeds generated from the disposal of TVA coal ash and other waste in its Landfill, in order to calculate the proper amount that should have been paid to the Indenture Trustee, pursuant to Bankruptcy Code § 543(b)(2).

42. Pursuant to §543 of the Bankruptcy Code, Plaintiff PUV also seeks the entry of a judgment determining the amount owed to PUV that should have been paid to the Indenture Trustee, holding that such amount is the property of the Estate and ordering Defendants to immediately deliver good funds in such an amount into the possession, custody and control of the Debtor's estate.

43. In the alternative, to the extent that P&J and/or Phill-Con are not determined to be custodians of property of the Estate, Plaintiff seeks an order, pursuant to § 542 of the Bankruptcy Code, requiring an accounting of all proceeds generated from the disposal of TVA coal ash and other waste, determining that the amount owed to PUV that should have been paid to the Indenture Trustee is the property of the Estate, and ordering Defendants to immediately deliver good funds in such an amount into the possession, custody, and control of the Debtor's estate.

## VI. RELIEF REQUESTED

For the reasons stated above, Plaintiff prays that the Court enter a judgment against Defendants and ordering:

(a) An accounting to determine amounts due to Plaintiff PUV and to its creditors;

(b) A turnover to Plaintiff PUV of all amounts determined to be due to Plaintiff PUV and to its creditors;

(c) an award to Plaintiff PUV of pre-judgment and post-judgment interest on all amounts recovered and/or damages awarded in this action;

(d) an award to PUV of all attorneys' fees and costs incurred in pursuit of this action; and

(e) all other and further declaratory, legal and/or equitable relief as to which Plaintiff PUV may show itself to be entitled.

DATED: January 26, 2010.

Respectfully submitted:

DIAMOND MCCARTHY LLP

By: /s/ James D. McCarthy
James D. McCarthy
Texas Bar No. 13367700
Application for Pro Hac Admission Pending
1201 Elm Street
Suite 3400
Dallas, Texas 75270
214/389-5300 - Telephone
214/389-5399 - Facsimile
jmccarthy@diamondmccarthy.com – Email

And

Clifford H. Walston
Alabama Bar No. WAL181
Application for Pro Hac Admission Pending
Michael S. Truesdale
Texas Bar No. 00791825
Application for Pro Hac Admission Pending
6504 Bridgepoint Parkway, Suite 400
Austin, Texas 78730
512/617-5200 - Telephone
512/617-5299 – Facsimile
cwalston@diamondmccarthy.com - Email
mtruesdale@diamondmccarthy.com – Email

ATTORNEYS FOR PLAINTIFF PERRY UNIONTOWN VENTURES I, LLC

**OF COUNSEL:**

Jeffery J. Hartley
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
PO Box 2767
Mobile, AL 36652
150 Government Street, Ste. 2000
Mobile, AL 36602
251/432-5521 – Telephone
251/432-0633 – Facsimile


Please serve Defendants by certified mail through their registered agents as follows:

PHILLIPS & JORDAN, INC.
c/o its Registered Agent
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

PHILL-CON SERVICES, L.L.C.
c/o its Registered Agent
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109